## Weikel v. Alt.

(Decided March 28, 1930.)

FURLONG & WOODBURY for appellant.

L. A. HICKMAN and WALTER F. ALT for appellee.

OPINION OF THE COURT BY JUDGE GRIGSBY—Affirming.

This action was instituted in the Jefferson circuit court by plaintiff, who is the appellee here, alleging in his petition that he entered into a contract with defendant, appellant here, whereby appellant agreed to pay appellee the sum of $14,500 for the erection of a stone veneer residence. He alleged that defendant had paid by checks the sum of $10,600, and was entitled to credit allowances which were itemized amounting to the further sum of $2,445, or a total credit of $13,045, leaving a balance due on the contract price of $1,455. Plaintiff further alleged in the petition that defendant was indebted to him in the further sum of $698 on account of extras. The allegations for extras were set out in seventeen separate paragraphs.

The appellee by answer, counterclaim, and set-off denied that the contract price for the building of the residence was in excess of $14,000. Appellant did not traverse the petition in so far as the credits and credit allowances were concerned, but specifically admitted that the credits and credit allowances amounted to $13,045 as set out in the petition. Appellant did claim, however, that, in addition to the allowances set out in the petition he was entitled to an additional allowance of $120 on account of roof. By seventeen separate paragraphs he admitted an indebtedness for extras amounting to $392; by separate paragraph and for counterclaim and set-off alleged that the appellee:

"William E. Alt contracted and agreed and undertook to construct for him a stone veneer residence in accordance with written plans and specifications for the sum of $14,000 said residence to be constructed in the manner provided in said contract, plans and specifications, in a complete, proper and workmanlike manner. . . . Defendant further states that the plaintiff failed to erect and complete said residence according to the plans and specifications and to build, construct and complete the same in a proper and workmanlike manner."

Defendant further alleged that, by reason of the failure of plaintiff to properly erect and construct this residence in accordance with the contract, defendant was forced to and did expend certain amounts, which were itemized and specifically set out, and amounted to the

total sum of $796.70. Taking these amounts into consideration, he admitted a balance due plaintiff of $550.30. A reply completed the issues, and a trial before a jury in the common pleas branch, second division, of the Jefferson circuit court resulted as follows: The trial court on its own motion peremptorily instructed the jury to find for plaintiff, who is the appellee here, the sum of $604.30, and, the jury having returned a verdict for that amount under this instruction, judgment was entered accordingly. Certain other issues were submitted to the jury which will be discussed later in this opinion, and the jury returned a verdict in favor of plaintiff for the further sum of $500, and also for the further sum of $180, and returned a verdict for the defendant on his counterclaim for $35. On these verdicts a judgment was entered in favor of the plaintiff for the sum of $645, or a total of $1,249.30. The appellee moved the court to set aside the judgment in favor of the appellee for the sum of $1,249.-30, with interest, and to enter a judgment in favor of appellee against the appellant in the sum of $2,046, with interest from December 13, 1927, until paid. Appellee also moved the court to enter a supplemental judgment in his favor and against the defendant and appellant in the additional sum of $796.70 with interest from December 13, 1927, until paid.

Both appellant and appellee filed motion and grounds for a new trial. The motions of both appellant and appellee for a new trial were overruled. The motion of plaintiff appellee to set aside the judgment was overruled. The motion of plaintiff for judgment notwithstanding the verdict and to enter supplemental judgment for additional sum of $796.70 was sustained. Defendant appeals. The principal item in dispute was whether the contract price was $14,000 or $14,500, and on this the jury found for the plaintiff, thus fixing the contract price at $14,500, and the jury awarded plaintiff an additional sum of $180 on account of serpentine doors.

The jury also awarderd to defendant on his counterclaim and set-off the sum of $35; in other words, the jury returned a verdict for $680 in favor of plaintiff and $35 in favor of defendant, thus entitling plaintiff to a judgment of $645, which was entered. The court peremptorily took from plaintiff's claim $54 asserted in the sixteenth paragraph of his petition, which plaintiff claimed was due him for making sewer and water connection to

the garage; same was covered by the contract, and was not properly charged as an extra. The court also took from defendant on his counterclaim the sum of $10 for flue dampers and $8 for coal chute. The entire amount claimed by plaintiff in his petition was $2,153; the total amount lost by plaintiff was made up of the following items: $54, which the court peremptorily took from him as above set out, the $8 allowed defendant for coal chute, and $10 allowed defendant for flue dampers, and $35 allowed defendant by the jury, making a total of $107 properly deducted from plaintiff's claim, which left a balance due plaintiff of $2,046. The trial court had entered judgment on its own motion for $604.30 and $645 by judgment entered on the verdict of the jury, making a total of $1,249.30, thus leaving a balance of $796.70 which plaintiff was clearly entitled to, and for which amount judgment was entered by the trial court.

It is earnestly insisted by appellant that, where a motion for peremptory instruction is overruled, the court cannot, after a verdict of a jury, enter a judgment notwithstanding the verdict. The only relief that can be granted is to sustain a motion for a new trial. He cites in support of that contention numerous authorities. In the instant case, the court on its own motion entered a peremptory instruction for the sum of $604.30, and did not overrule the motion for a peremptory instruction. Furthermore, the instant case, while brought as a common-law action, involved such complicated accounting between plaintiff and defendant that it properly belonged in equity, and, being such, it must be governed by those rules applicable to equitable actions. The court under subsection 4 of section 10, Civil Code of Practice, should have transferred the case to the equity docket, though if it failed to do so, the rights of the litigants were not thereby affected. Wood's Guardian v. Inter-Southern Life Insurance Co. et al., 224 Ky. 579, 6 S. W. (2d) 712. It is also insisted by appellant that the verdict of the jury on the counterclaim and set-off was grossly contrary to the evidence. This issue, however, was fairly submitted to the jury, and, from an examination of the evidence, we cannot say that it was against the evidence. If this case should be retried and transferred to equity, where it appears to belong in our opinion, the chancellor would be justified in finding the facts exactly as they have already been ascertained and enter judgment for

plaintiff in the sum of $2,046, which has been done, in view of which such procedure would be vain and futile.

The judgment is therefore affirmed.